2⁰/

| | |
|---|---|
| 1 | KAREN P. HEWITT<br>United States Attorney |
| 2 | SABRINA L. FEVE<br>Assistant United States Attorney |
| 3 | California State Bar No. 226590<br>United States Attorney's Office |
| 4 | Federal Office Building<br>880 Front Street, Room 6293 |
| 5 | San Diego, California 92101<br>Telephone: (619) 557-7854 |
| 6 | |
| 7 | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |



FILED
AUG 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  )  Magistrate Case No. 08MJ2470
                           )
            Plaintiff,     )
                           )  **STIPULATION OF FACT AND JOINT**
      v.                   )  **MOTION FOR RELEASE OF**
                           )  **MATERIAL WITNESS(ES) AND**
RICARDO AGUAYO,            )  **ORDER THEREON**
                           )
            Defendant.     )
                           )  (Pre-Indictment Fast-Track Program)

**IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Sabrina L. Feve, Assistant United States Attorney, and defendant RICARDO AGUAYO, by and through and with the advice and consent of defense counsel, Bridget L. Kennedy, Federal Defenders of San Diego, Inc., that:

1. Defendant agrees to execute this stipulation on or before the first preliminary hearing date and to participate in a full and complete inquiry by the Court into whether defendant knowingly, intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead guilty to the pre-indictment information charging defendant with a non-mandatory minimum count of Bringing in Aliens Without Presentation and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2.

//

SLF:lg:8/12/08

M/w Martha Leticia Gutierrez-Jimenez - on Bond.  (No Abstract Needed)

1     2.    Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

    3.    Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **September 10, 2008**.

    4.    The material witness, Martha Leticia Gutierrez-Jimenez, in this case:

    a.    Is an alien with no lawful right to enter or remain in the United States;

    b.    Entered or attempted to enter the United States illegally on or about August 8, 2008;

    c.    Was found in a vehicle driven by defendant at the Otay Mesa, California, Port of Entry (POE), and that defendant knew or acted in reckless disregard of the fact that she was an alien with no lawful right to enter or remain in the United States;

    d.    Was paying or having others pay on her behalf $4,000 to others to be brought into the United States illegally and/or transported illegally to her destination therein; and,

    e.    May be released and remanded immediately to the Department of Homeland Security for return to her country of origin.

    5.    After the material witness is ordered released by the Court pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

    a.    The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

    b.    The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

    c.    Understanding that under <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004),

1  "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted
2  and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant
3  waives the right to confront and cross-examine the material witness(es) in this case.

4      6.    By signing this stipulation and joint motion, defendant certifies that defendant has
5  read it (or that it has been read to defendant in defendant's native language). Defendant certifies
6  further that defendant has discussed the terms of this stipulation and joint motion with defense
7  counsel and fully understands its meaning and effect.

8      Based on the foregoing, the parties jointly move the stipulation into evidence and for the
9  immediate release and remand of the above-named material witness to the Department of Homeland
10 Security for return to her country of origin.

11     It is STIPULATED AND AGREED this date.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 8/21/08

SABRINA L. FEVE
Assistant United States Attorney

Dated: 8/17/08

BRIDGET L. KENNEDY
Defense Counsel for RICARDO AGUAYO

Dated: 8-17-08

RICARDO AGUAYO
Defendant

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Ricardo Aguayo

3

08MJ2470

**ORDER**

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and,

**IT IS ORDERED** that the above-named material witness be released and remanded forthwith to the Department of Homeland Security for return to her country of origin.

**SO ORDERED.**

Dated: 8/21/08

_____
United States Magistrate Judge

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Ricardo Aguayo            4            08MJ2470